UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,          No. C 08-1146 SI (pr)

    Plaintiff,          **ORDER OF DISMISSAL**

   v.

M.S. EVANS, warden,

    Defendant.

    Michael J. Hicks, formerly an inmate at Salinas Valley State Prison and now an inmate at the California State Prison - Sacramento, filed this pro se civil rights action under 42 U.S.C. § 1983. He alleged in his complaint that he was denied access to an adequate law library while he was incarcerated at Salinas Valley. His complaint is now before the court for initial review under 28 U.S.C. § 1915A.

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

    A prisoner must exhaust administrative remedies before filing a civil rights action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

1  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
2  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The State of
3  California provides its inmates and parolees the right to appeal administratively "any
4  departmental decision, action, condition or policy perceived by those individuals as adversely
5  affecting their welfare."  See Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available
6  administrative remedies within this system, a prisoner must proceed through several levels of
7  appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3)
8  second level appeal to the institution head or designee, and (4) third level appeal to the Director
9  of the California Department of Corrections.  See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81,
10 85-86 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

11     Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may
12 be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and
13 "no exception to exhaustion applies."  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

14     The complaint and attachments plainly show that Hicks did not exhaust his administrative
15 remedies before filing this action.  Hicks checked the box indicating that he had not appealed to
16 the "highest level of appeal available" and explained that "after the second level the damage had
17 been done and became moot after transfer back to CSP-Sacramento."  Complaint, p. 2.

18     Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534
19 U.S. 516, 524 (2002).  All available remedies must be exhausted; those remedies "need not meet
20 federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Even
21 when the prisoner seeks relief not available in grievance proceedings, notably money damages,
22 exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Prisoners
23 cannot avoid the administrative exhaustion requirement by requesting relief not available in the
24 appeals system, such as monetary relief, or (as here) by simply declaring the process futile.

25     Hicks conceded that he had not completed the California inmate appeal process before
26 filing this action.  The alleged futility of pursuing an inmate appeal did not excuse the exhaustion
27 / / /
28

2

1  requirement. This action therefore is dismissed without prejudice to Hicks filing a new action
2  after he exhausts his administrative remedies.   The clerk shall close the file.
3      IT IS SO ORDERED.
4  Dated: July 22, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J HICKS,

    Plaintiff,

v.

M S EVANS et al,

    Defendant.
_____/

Case Number: CV08-01146 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael J. Hicks B-80852
CA State Prison-Folsom
California State Prison
P.O. Box 290066
Repressa, CA 95671

Dated: July 23, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk