1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                      NORTHERN DISTRICT OF CALIFORNIA

7

8   MICHAEL J. HICKS,                          No. C 08-1146 SI (pr)

9            Plaintiff,                        **ORDER OF DISMISSAL WITH
                                               LEAVE TO AMEND**
10       v.

11  M. S. EVANS, warden,

12           Defendant.
                                          /
13

14                              **INTRODUCTION**

15       Michael J. Hicks, an inmate formerly at Salinas Valley State Prison and now at the

16  California State Prison - Solano, filed a pro se civil rights action under 42 U.S.C. § 1983. The

17  court dismissed the action because Hicks failed to exhaust administrative remedies before filing

18  it. Hicks appealed, and the Ninth Circuit reversed and remanded the case. The complaint

19  therefore once again is before the court for initial review under 28 U.S.C. § 1915A.

20

21                              **BACKGROUND**

22       Hicks alleged the following in his complaint:

23       On May 23, 2007, Hicks was transferred into psychiatric housing at Salinas Valley State

24  Prison. He informed the housing unit senior MTAs that he had a court hearing set for June 22,

25  26 and 28, 2007, and requested his legal property and access to the law library as a preferred

26  legal user. His request was denied. He filed an inmate appeal and wrote a letter to defendant

27  M.S. Evans on June 11, 2007, in which he complained about his problem.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Warden Evans forwarded Hicks' letter to associate warden Trexler.  On June 21, 2007,

2   associate warden Trexler responded to Hicks' letter to the warden.  Trexler noted that Hicks was

3   in the psychiatric program but also was serving disciplinary SHU terms.  With regard to access

4   to legal materials, Trexler wrote: "You have been utilizing the paging system for Law Library

5   and will continue to be allowed to utilize this system to meet your legal needs.  Your use of the

6   law library system has no bearing on your ability to program in DMH.  You will not be excluded

7   from Mental Health Treatment for exercising your right to the law library."  Complaint, Exh. B.

8    On June 18, 2007, Hicks was interviewed by the "education principal," T. Melvin, who

9   agreed that a law library computer would be provided by the next day.  Complaint (Docket # 1),

10   p. 6.  Hicks withdrew his inmate appeal.  "The agreement was violated with one excuse of delay

11   after another and with no ability to meaningful research plaintiff had three cases in a row

12   dismissed and lost."  Id.  Hicks reinstated his inmate appeal on July 4, 2007.

13    Hicks also filed a motion in his pending state court case for physical access to the library.

14   The San Francisco County Superior Court issued an order on July 26, 2007 to warden Evans to

15   give Hicks "reasonable access to legal materials including access to a law library computer."

16   Id. at 7.  (The order is not as far-reaching as Hicks contends, and instead orders the warden to

17   grant Hicks "reasonable access, consistent with the Prison's security needs, to legal materials

18   to respond to the motion to be heard on September 12, 2007 to declare Mr. Hicks a vexatious

19   litigant."  Complaint, Exh. D at 2.)  The lone named defendant is warden Evans.

20

21    **DISCUSSION**

22    A federal court must engage in a preliminary screening of any case in which a prisoner

23   seeks redress from a governmental entity or officer or employee of a governmental entity.  See

24   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

25   any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

26   or seek monetary relief from a defendant who is immune from such relief.  See id. at

27   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police

28   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**United States District Court**
For the Northern District of California

1       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

2   a right secured by the Constitution or laws of the United States was violated and (2) that the

3   violation was committed by a person acting under the color of state law.  See West v. Atkins,

4   487 U.S. 42, 48 (1988).

5       A constitutional right of access to the courts exists, but to establish a claim for any

6   violation of the right of access to the courts, the prisoner must show that there was an inadequacy

7   in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518

8   U.S. 343, 350-51 (1996).  To prove an actual injury, the prisoner must show that the inadequacy

9   hindered him in presenting a non-frivolous claim concerning his conviction or conditions of

10  confinement.  See id. at 355.  Examples of impermissible hindrances include: a prisoner whose

11  complaint was dismissed for failure to satisfy some technical requirement which, because of

12  deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner

13  who had "suffered arguably actionable harm" that he wished to bring to the attention of the

14  court, but was so stymied by the inadequacies of the prison's services that he was unable even

15  to file a complaint.  See id. at 351.

16      The complaint does not state a claim for relief against any defendant for denial of access

17  to the courts because the complaint does not allege an actual injury caused by anything the lone

18  defendant did.  In his amended complaint, Hicks may attempt to plead a denial of access to the

19  courts claim, but is cautioned that he must identify the deficiency in the legal program and allege

20  an actual injury to state a claim for relief.  His amended complaint should answer these

21  questions: What access to legal materials did prison officials give you and what access did they

22  deny?  Why was what the prison officials gave you not sufficient for your legal needs?

23      In his amended complaint, Hicks must allege what warden Evans did or failed to do that

24  caused a violation of his right of access to the courts.  It is unclear from the complaint what

25  warden Evans did that caused Hicks' problem. If Hicks wants to add other defendants, he may

26  do so but must clearly list them in the caption of his amended complaint.  He also must link each

27  such defendant to his claim by alleging what that person did or failed to do that caused a denial

28  of his right of access to the courts.

United States District Court
For the Northern District of California

1  The court notes that Hicks appears to be laboring under a misunderstanding of the law.

2  Hicks took the position in his inmate appeal that "physical access to the law library is

3  MANDATORY." Complaint, Exh. A at § D (capitalization in original). That may have been

4  his demand, but it is not an accurate statement of federal law. Lewis does not command physical

5  access to a prison law library.  Although prison officials must ensure that prisoners "have a

6  reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions

7  or conditions of confinement," the officials are free to devise their own methods to reach that

8  result. See Lewis, 518 U.S. at 356. Bounds "guarantees no particular methodology but rather

9  the conferral of a capability--the capability of bringing contemplated challenges to sentences or

10 conditions of confinement before the courts." Id. Thus, although prison law libraries or legal

11 assistants are the typical programs, local experimentation in various methods of assuring access

12 to the courts is encouraged. See id. at 352. In some instances, a law library or other program

13 may not be sufficient for some of the prisoners because of their special situations (e.g., illiteracy

14 or inability to communicate in English). See id. at 356. In his amended complaint, Hicks should

15 explain why the system that the warden's representative identified (i.e., the legal paging system)

16 was inadequate for his needs.

17  Finally, the court notes that the San Francisco Superior Court's order does not establish

18 what prison officials were required to do in order to comply with the federal constitution. A

19 state court order does not provide a right secured by the Constitution or laws or treaties of the

20 United States, the violation of which is a necessary element of a § 1983 claim. If Hicks wanted

21 to pursue a claim for violation of that order, his recourse for a violation of that order would be

22 by filing a motion in the superior court case or an appeal in state court.

23

24                                          **CONCLUSION**

25  For the foregoing reasons, the complaint is dismissed with leave to amend. The amended

26 complaint must be filed no later than **May 7, 2010**, and must include the caption and civil case

27 number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff

28 is cautioned that his amended complaint must be a complete statement of his claims and will

4

1  supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.

2  1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not

3  alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will

4  result in the dismissal of the action.

5         IT IS SO ORDERED.

6  Dated: April 2, 2010                          _____

7                                                 SUSAN ILLSTON
                                                  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5