**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, | No. C 08-1146 SI (pr) |
| Plaintiff, | **ORDER FOR AMENDED COMPLAINT** |
| v. | |
| M. S. EVANS, warden, | |
| Defendant. | |

  Michael J. Hicks, an inmate formerly at Salinas Valley State Prison and now at a California prison in Represa, California, filed a pro se civil rights action under 42 U.S.C. § 1983. The court dismissed the action because Hicks failed to exhaust administrative remedies before filing it. Hicks appealed, and the Ninth Circuit reversed and remanded the case. The complaint therefore was once again reviewed under 28 U.S.C. § 1915A, and dismissed with leave to amend. In the Order Of Dismissal With Leave To Amend, filed April 2, 2010, the court identified deficiencies that Hicks needed to cure by filing an amended complaint. The deficiencies included that Hicks had not stated a claim for denial of access to the courts because he had not identified an actual injury and he had not linked the lone defendant to his claim.

  Hicks opted not to comply with the court's order and instead wrote a letter to the court. (Docket # 26.) In his letter, Hicks stated that he was a 3-strike plaintiff under the PLRA and did not think there was an exception to having his case screened out, see 28 U.S.C. § 1915(g). The court had not determined that § 1915(g) barred him from proceeding as a pauper, and in fact had granted him leave to proceed in forma pauperis in this action. The court will not revisit the in forma pauperis determination because it has not found three cases that predate the filing of this action that count as strike dismissals for purposes of § 1915(g), notwithstanding Hicks' lengthy

1 history of filing cases prematurely or abandoning them in a needless consumption of limited
2 court resources.

3 In that same letter, Hicks stated that he filed the same complaint here and in Monterey
4 County Superior Court, and requested that this court "transfer" the Monterey County court case
5 to federal court "due to the fact that federal court's are far more experienced in prisoner civil
6 claim's." (Docket # 26 (errors in source).) The request is DENIED. Having commenced the
7 action in state court, Hicks cannot remove it to federal court. The right to remove cases from
8 state to federal court rests with the defendants in those actions. See 28 U.S.C. §§ 1441(a), 1443.

9 In his letter, Hicks argued that he could establish the actual injury requirement the court
10 referred to in the order of dismissal with leave to amend. He wrote, "I sued my wife's apartment
11 complex (after she died) for her security deposit ($5,000). I lost because I didn't conduct
12 research on landlord/tenet law. The plaintiff cannot appeal a small claims action. . . . Theres
13 your harm element. There's much more that I could present in a amended complaint." (Docket
14 # 26 (errors, emphasis and ellipses in source).) Because he thought that he was barred as a 3-
15 strikes plaintiff, he apparently did not think it worth his time to describe his other actual injuries
16 or "harm." Hicks' failure in a landlord/tenant action does not satisfy the actual injury
17 requirement for purposes of a denial of access to the courts claim because it does not concern
18 his conviction or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 355 (1996)
19 ("Bounds does not guarantee inmates the wherewithal to transform themselves into litigating
20 engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.
21 The tools it requires to be provided are those that the inmate need in order to attack their
22 sentences, directly or collaterally, an in order to challenge the conditions of their confinement.")
23 Hicks' statement that he had "much more" that he could present in an amended complaint was
24 not enough to state a claim: he has to describe what that "much more" is because the other
25 alleged injuries might, like the loss in the landlord/tenant action, not qualify as actual injuries
26 for purposes of a denial of access to the courts claim.

27 In light of the possibility that Hicks thought sending the letter to the court instead of filing
28 the amended complaint was acceptable, the court will grant him one more chance to file the

amended complaint.  No later than **December 3, 2010**, Hicks must file an amended complaint that complies with the directions in the Order Of Dismissal With Leave To Amend filed April 2, 2010.  Failure to do will result in dismissal of this action.  Hicks is further cautioned that the court will not read through exhibits to piece together a claim for him: he must write out his claim(s) in his amended complaint.

      IT IS SO ORDERED.

Dated: November 1, 2010

                                                                SUSAN ILLSTON
                                       United States District Judge