UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,                                    No. C 08-1146 SI (pr)

       Plaintiff,                              **ORDER OF SERVICE**

   v.

M. S. EVANS, warden,

       Defendant.

_____/

## INTRODUCTION

Michael J. Hicks, an inmate formerly at Salinas Valley State Prison and now at the Kern Valley State Prison, filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983. The court dismissed the action because Hicks failed to exhaust administrative remedies before filing it. Hicks appealed, and the Ninth Circuit reversed and remanded the case. The court then reviewed the complaint under 28 U.S.C. § 1915A, and dismissed it with leave to amend. In the order of dismissal with leave to amend, the court explained that the complaint – which concerned Hicks' access to the means to do legal research – did not state a claim against the lone defendant (i.e., the warden) because it did not allege an actual injury. The court gave Hicks leave to amend to cure several deficiencies in the complaint. Hicks then filed a letter instead of an amended complaint; the court gave him another chance to file an amended complaint and explained that the actual injury he identified in his letter did not suffice for purposes of establishing a violation of his federal constitutional right of access to the courts. Hicks then sought and received another extension of time to file his amended complaint. He then filed an amended complaint and, a few days later, a second amended complaint.

This order screens under 28 U.S.C. § 1915A the second amended complaint, which

supersedes the earlier pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

**BACKGROUND**

Hicks alleged the following in his second amended complaint:

On May 23, 2007, Hicks was transferred into psychiatric housing at Salinas Valley State Prison.  He informed senior MTA Battin that he had preferred legal user status and requested return of his property to show he had court deadlines and requested physical access to the law library.  Battin said he would look into the matter with defendant Linda Neal, the program director.  On June 6, Hicks filed an inmate appeal, to which MTA Battin gave the informal response.  On June 11, 2007, Hicks wrote a letter to warden Evans to protest being excluded from physical law library access.  The warden turned the letter over to defendant L. Trexler for a written response.  On June 18, Hicks was interviewed by defendant Melvin who offered to provide a law library computer in exchange for plaintiff withdrawing the inmate appeal.  Hicks withdrew the appeal.  On June 21, defendant Trexler responded to Hicks' letter to warden Evans.  Trexler stated that Hick had been using the paging system and could continue to do so to meet his needs.  Copies of the letter were sent to warden Evans and chief deputy Neotti.  Hicks reinstated his inmate appeal on July 4.  Defendant Neotti granted his appeal at the second level on August 3, but Hicks did not receive the physical access to the law library that the response stated was being provided.  Hicks contends that, as a result of the failure to provide him law library access and/or a computer, he suffered adverse consequences in several cases he was litigating – consequences he describes at pages 5-8 of the second amended complaint.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

or seek monetary relief from a defendant who is immune from such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 355.  Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint.  See id. at 351.

Liberally construed, the pro se second amended complaint appears to state a cognizable claim for a violation of the constitutional right of access to the courts based on the failure to provide Hicks physical access to a law library and/or a computer on which to do legal research and instead requiring that he use a paging system to obtain legal materials.  The second amended complaint appears to adequately link the following defendants to the claim: defendants Battin, Melvin, Evans, Neotti, and Trexler – all of whom played a role in denying him the requested access to a law library and/or computer.

The second amended complaint does not state a claim against defendant Neal.  The only allegation mentioning Neal is the allegation that defendant Battin "stated that he would look into the matter with defendant Linda Neal."  Second Amended Complaint, p. 4.  Defendant Neal is

United States District Court
For the Northern District of California

1    dismissed from the action.

2         Only one of the adverse consequences Hicks allegedly suffered counts as an actual injury

3    for purposes of the access-to-the-courts claim.  Liberally construed, the allegations in the second

4    amended complaint that Hicks was unable to file an opposition to a demurrer to a complaint

5    about prison conditions, see Second Amended Complaint, ¶ 20, suffice to allege an actual

6    injury.[1]

7         The other adverse consequences do not count as actual injuries for various reasons: one

8    because the case wasn't about his conviction or conditions of confinement, another one because

9    it predated the defendants' actions, and a third one because he didn't suffer adverse

10   consequences.

11        Hicks alleges that he lost a case in San Bernardino County Small Claims Court  due to

12   his inability to research landlord/tenant law.  See Second Amended Complaint, ¶ 18.  As the

13   court explained in an earlier order, Hicks' failure in a landlord/tenant action does not satisfy the

14   actual injury requirement for purposes of a denial of access to the courts claim because it does

15   not concern his conviction or conditions of confinement.  See Lewis v. Casey, 518 U.S. 343,

16   355 (1996) ("Bounds does not guarantee inmates the wherewithal to transform themselves into

17   litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall

18   claims.  The tools it requires to be provided are those that the inmate need in order to attack their

19   sentences, directly or collaterally, an in order to challenge the conditions of their confinement.")

20        Hicks alleges that he lost a small claims case in Kings County Small Claims Court

21   because he had not filed a government claims form.  See Second Amended Complaint, p. 6, ¶19.)

22    The allegations about that case do not suffice to show an actual injury because his failure to file

23   a government claims form occurred before he even arrived at Salinas Valley and before any

24   defendant did anything.  His procedural mistake that allegedly caused his case to be dismissed

25

26        [1]Even this situation may not ultimately be determined to be an actual injury because the
     exhibit that allegedly shows the adverse event shows that the demurrer was granted but that
27   Hicks was given leave to file and serve an amended complaint.  See Second Amended
     Complaint, Ex. F. Hicks' allegation that the demurrer was sustained is sufficient for pleading
28   purposes to state a cognizable claim; however, if he was able to amend and proceed with the
     action, actual harm may not have resulted.

United States District Court

For the Northern District of California

on May 4, 2007, cannot be said to have been caused by the later refusal to grant him the requested law library access.

Hicks' allegations about the vexatious litigant proceedings in San Francisco County Superior Court do not show an actual injury.  See id. at ¶¶22-24  He alleges that the defendant in that action moved to have him declared a vexatious litigant, and he (Hicks) filed a motion for law library access.  His allegations show that he did not lose in that action and instead had some sort of victory in compelling access to a computer for legal research.  See id. at ¶¶ 24-25.

**CONCLUSION**

1.    The second amended complaint states a cognizable § 1983 claim against defendants Battin, Melvin, Evans, Neotti, and Trexler for denial of access to the courts.  All other claims and defendants are dismissed.

2.    The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon the following persons who apparently are employed at Salinas Valley State Prison:

- M. S. Evans (warden)
- G. A. Neotti (chief deputy warden)
- L. Trexler (associate warden)
- T. Melvin (education principal)
- J. Battin (senior MTA, psychiatric program)

3.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.    No later than **June 10, 2011**, defendants must file and serve a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due.

b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 15, 2011**.  Plaintiff

**United States District Court**
For the Northern District of California

1    must bear in mind the following notice and warning regarding summary judgment as he prepares

2    his opposition to any summary judgment motion:

3

4    > The defendants may make a motion for summary judgment by which they seek to have
     > your case dismissed.  A motion for summary judgment under Rule 56 of the Federal

5    > Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you
     > must do in order to oppose a motion for summary judgment.  Generally, summary

6    > judgment must be granted when there is no genuine issue of material fact -- that is, if
     > there is no real dispute about any fact that would affect the result of your case, the party

7    > who asked for summary judgment is entitled to judgment as a matter of law, which will
     > end your case.  When a party you are suing makes a motion for summary judgment that

8    > is properly supported by declarations (or other sworn testimony), you cannot simply rely
     > on what your complaint says.  Instead, you must set out specific facts in declarations,

9    > depositions, answers to interrogatories, or authenticated documents, as provided in Rule
     > 56(e), that contradict the facts shown in the defendants' declarations and documents and

10   > show that there is a genuine issue of material fact for trial.  If you do not submit your own
     > evidence in opposition, summary judgment, if appropriate, may be entered against you.

11   > If summary judgment is granted, your case will be dismissed and there will be no trial.
     > (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

12   Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust

13   administrative remedies instead of, or in addition to, a motion for summary judgment.  A motion

14   to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if

15   granted, result in the termination of the action.  The plaintiff must "develop a record" and present

16   it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss.

17   Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

18              c.      If defendants wish to file a reply brief, the reply brief must be filed and

19   served no later than **July 29, 2011**.

20         4.      All communications by plaintiff with the court must be served on a defendant's

21   counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard

22   any document which a party files but fails to send a copy of to his opponent.  Until a defendant's

23   counsel has been designated, plaintiff may mail a true copy of the document directly to

24   defendant, but once a defendant is represented by counsel, all documents must be mailed to

25   counsel rather than directly to that defendant.

26         5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

27   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is

28   required before the parties may conduct discovery.

6.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: March 21, 2011

_____

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

7