UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,                                         No. C 08-1146 SI (pr)

      Plaintiff,                                                       **ORDER**

   v.

M. S. EVANS, warden,

      Defendant.
                                        /

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 is now before the court to address a service of process problem and several miscellaneous matters. The court also will set a new briefing schedule for dispositive motions.

A.    <u>Unserved Defendant Problem</u>

On March 21, 2011, the court ordered service of process on five defendants. Four defendants have been served and appeared. Defendant Battin has not been served and has not appeared in this action. The summons addressed to "J. Battin (senior MTA, psychiatric program), Salinas Valley State Prison" could not be served because he or she no longer worked at the prison. <u>See</u> Docket # 43.

Hicks' second amended complaint has been pending for over 120 days. Absent a showing of "good cause," it is subject to dismissal without prejudice as to the unserved defendant. *See* Fed. R. Civ. P. 4(m). When a plaintiff proceeds as a pauper, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The court appoints the Marshal to serve process, *see* Fed. R. Civ. P. 4(c)(2); *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding as a pauper may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to

effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff reports, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he requested that official be served). Because service has been attempted unsuccessfully at the only address Hicks provided for Battin, Hicks must remedy the situation or face dismissal of his claims against Battin without prejudice. *See Walker*, 14 F.3d at 1421-22.

No later than **August 1, 2011**, Hicks must provide the court with defendant Battin's current address so that the Marshal is able to serve the summons and second amended complaint upon him or her. If Hicks does not provide a current address for Battin by the deadline, or if Battin cannot be served at the address Hicks does provide, Battin will be dismissed without prejudice from this action.

B.   <u>Requests From Plaintiff</u>

Hicks requested that the court reconsider its dismissal of defendant Linda Neal and its determinations regarding actual injuries in the Order of Service. (Docket # 39.)   The request is DENIED. Hicks stated in his request that he wants to obtain documents from state courts to support his claims for denial of access to the courts, but apparently failed to understand that the court's determinations regarding actual injuries pertained to the sufficiency of his pleading and not to the sufficiency of proof. In other words, the court did not determine that Hicks could not prove that which he alleged, but instead determined that what Hicks had alleged did not (even with liberal construction) amount to an actual injury. The court had specifically cautioned Hicks twice of his need to allege an actual injury for any claim of denial of access to the courts, so this is not a situation where a plaintiff was unaware of the need to allege an action injury. *See* Order Of Dismissal With Leave To Amend, ¶. 3-4, and Order For Amended Complaint, p. 2.

2

1    Hicks filed a "motion to amend request to appear on court's law and motion calander (sic) by
2  telephonic appearance supplemental complaint" in which he appears to argue that the court erroneously
3  overlooked a claim for a conspiracy to commit fraud in his second amended complaint. The motion is
4  DENIED. (Docket # 50.) The second amended complaint does not allege a cognizable conspiracy
5  claim. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient
6  to state a claim under § 1983. *Woodrum v. Woodword County*, 866 F.2d 1121, 1126 (9th Cir. 1989);
7  *see also id.* (plaintiff must allege that a constitutional right was violated – conspiracy, even if
8  established, does not give rise to liability under § 1983 unless there is such a deprivation).

9    Hicks sent the court a letter (docket # 40) complaining that, although the court had issued an
10 order of service, it had not ordered the Marshal to serve defendants. He is wrong. *See* Order Of Service,
11 p. 5:13-19.

12    In that same letter (docket # 40) and in a "motion to proceed with non-contest elements of case;
13 request for minute order" (docket # 48), Hicks complained that he has been denied access to his legal
14 and personal property at the California Men's Colony ("CMC"), where he is now incarcerated. None of
15 the defendants in this action work at that prison, and there is no reason to believe that any defendant has
16 control of CMC operations. If Hicks wants to assert a claim about the conditions of confinement at the
17 CMC, he may file a separate action, the proper venue for which would be the U.S. District Court for the
18 Central District of California.    Hicks sent several letters to the court asking for documents to
19 serve process, and to have the U.S. Marshal serve process. (*See, e.g.,* docket # 40, # 45, # 46, # 48, #
20 49). Due to Hicks' *in forma pauperis* status, the court ordered the U.S. Marshal to serve process on the
21 defendants. As mentioned above, four of the five defendants have been served and appeared in this
22 action. Hicks does not need to take any steps at this time with regard to service of process, other than
23 to provide a current address for defendant Battin so that the Marshal may serve him/her. The court will
24 not send Hicks forms he does not need.

25    Hicks' "motion to proceed with non-contest elements of case; request for minute order" and "ex
26 parte request to appear on the court's law and motion calendar re service of complaint, amendment of
27 complaint," and "motion to amend request to appear on court's law and motion calander (sic) by
28 telephonic appearance supplemental complaint" are DENIED for the reasons stated in the preceding

3

1  paragraphs. (Docket # 48, # 49, # 50.)

2      Hick is cautioned not to send letters to the court or to the court clerk. If he wants action from
3  the court, he should file a motion rather than a letter. In any motion he files, he should explain clearly
4  what he wants the court to do and why he thinks he is legally entitled to it. Hicks also is cautioned that
5  he must send to defense counsel a copy of every document he sends to the court, and must attach a proof
6  of service showing that he has done so.

8  C.    <u>Scheduling For Dispositive Motion</u>

9      Defendants filed an *ex parte* request for a 31-day extension of time to file a dispositive
10 motion. Upon due consideration of the request and the accompanying declaration of attorney
11 Julianne Mossler, the court GRANTS the request. (Docket # 51.) The court will extend the
12 deadlines longer than the 31 days requested by defendants so that the unserved defendant
13 problem might be resolved (by service or dismissal) before the dispositive motion is filed. The
14 court now sets the following new briefing schedule for dispositive motions:

15     1.    Defendants must file and serve their dispositive motion no later than
16 **August 19, 2011**.

17     2.    Plaintiff must file and serve on defense counsel his opposition to the dispositive
18 motion no later than **September 23, 2011**. Plaintiff is cautioned to read the notice and warning
19 regarding motions for summary judgment and to dismiss at page 6 of the order of service.
20 / / /

4

3. Defendants must file and serve their reply brief (if any) no later than **October 10, 2011**.

IT IS SO ORDERED.

Dated: June 29, 2011

_____
SUSAN ILLSTON
United States District Judge