UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

        Plaintiff,

  v.

M. S. EVANS, warden,

        Defendant.
                                        /

No. C 08-1146 SI (pr)

**ORDER**

       On June 29, 2011, the court issued an order addressing a service of process problem and several miscellaneous matters. The case returns for the court's attention to new miscellaneous matters.

       Plaintiff filed an "ex parte notice of failure to render process of service upon defendant J. Battin," in which he requested that the court "insure that defendant J. Battin is served." (Docket # 62.) As explained in the June 29 order, it is plaintiff's responsibility to provide sufficient information as to the identity and whereabouts of a defendant so that the Marshal is able to serve process on him. Plaintiff must comply with the directions in the June 29 order to provide the court with defendant Battin's current address no later than **August 1, 2011**. He is once again cautioned that, if he does not provide a current address for Battin by the deadline, or if Battin cannot be served at the address plaintiff does provide, Battin will be dismissed without prejudice from this action.

       Plaintiff also filed an "ex parte motion to file third amended complaint," but failed to attach any proposed third amended complaint to the motion. (Docket # 61.) Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires but the court cannot make that determination without seeing the proposed new pleading. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") The motion

to file a third amended complaint is DENIED without prejudice because plaintiff failed to attach the proposed new pleading. (Docket # 61.) Regardless of whether plaintiff intends to file yet another motion to amend, he must comply with the briefing schedule for defendants' pending motion to dismiss as well as the deadline for providing the unserved defendant's address.

Plaintiff has filed an excessive number of documents that seek to have the court revisit matters already decided. In the last four months, he has sent letters and motions (e.g., docket # 39, # 49, and # 50) regarding matters the court already decided and/or requesting reconsideration, and has sent other requests (e.g., docket # 40, # 45, # 46, and # 49) based on his misreading of earlier orders. Plaintiff should not be so quick to seek reconsideration or to re-argue matters already decided against him. If a litigant disagrees with the court's rulings, he may argue his point on appeal. Motions for reconsideration in the district court should be filed sparingly, and only when the litigant identifies newly discovered evidence, a specific mistake of law, or a manifest injustice. Requests from a litigant that are made due to his misreading of court orders waste limited resources because the court must read and respond to these unnecessary filings. At a certain point, repeated requests based on misreading of court orders begin to look like malicious/vexatious litigation and may result in sanctions.

Defendants' motion to stay discovery pending resolution of their motion to dismiss is GRANTED. (Docket # 59.) Defendants' motion to dismiss raises the qualified immunity defense. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). All discovery is STAYED until the court rules on the motion to dismiss. This ruling means that plaintiff must prepare his opposition to the motion to dismiss without the benefit of any discovery he has requested from defendants but that they have not yet provided.

In connection with the motion to stay discovery, the court quickly reviewed the motion to dismiss to confirm that it did indeed raise a qualified immunity defense and discovered an apparent problem in the supporting evidence for the motion to dismiss. Specifically, defendants have asked the court to take judicial notice of the CDCR's records of plaintiff's inmate appeals. The court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the

territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The CDCR's records of plaintiff's inmate appeals do not appear to be judicially noticeable documents because they are subject to reasonable dispute. None of the cases cited by defendants in their request for judicial notice authorize judicial notice of inmate appeal records. *Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2005), did take judicial notice of a CDCR document, but it was the Department Operations Manual, which is an official publication of the CDCR and quite different from inmate records. Even though the inmate records are not judicially noticeable, it is an easy problem to fix. The CDCR's records of plaintiff's inmate appeals can be presented as an attachment to a declaration from a custodian of records for use in the unenumerated Rule 12(b) challenge for non-exhaustion. If defendants want to present such a declaration in support of their motion to dismiss, they must file the declaration no later than **July 29, 2011**, so that plaintiff will receive it with ample time to consider it as he prepares his opposition to the motion to dismiss – an opposition that is due on **September 23, 2011.**

IT IS SO ORDERED.

Dated: July 7, 2011

_____
SUSAN ILLSTON
United States District Judge

3