UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,  No. C 08-1146 SI (pr)

      Plaintiff,  **ORDER**

      v.

M. S. EVANS, warden,

      Defendant.
                                /

On June 29, 2011, the court issued an order addressing a service of process problem and several miscellaneous matters. On July 7, 2011, the court issued another order addressing more miscellaneous matters that had arisen since the June 29, 2011 order. This action returns for the third time in three months for the court's attention to additional miscellaneous matters.

Defendant J. Battin is dismissed without prejudice because he/she was not served with process within 120 days of the filing of the second amended complaint, and plaintiff has not shown good cause for the failure to serve him/her. *See* Fed. R. Civ. P. 4(m). This dismissal is without prejudice to plaintiff filing a new action against J. Battin if he ever locates him/her.

Plaintiff's request for the court to issue a subpoena duces tecum to the California Department of Mental Health ("DMH") to ask the DMH about former defendant Battin's whereabouts is DENIED. (Docket # 73.) The court does not conduct discovery on behalf of a litigant. Plaintiff needs to prepare his own subpoenas and make his own arrangements to pay any witness fees and travel costs for the entity subpoenaed. If plaintiff wants to conduct a deposition of the subpoenaed person or entity, he also needs to make arrangements for a court reporter.

1  Plaintiff's "ex parte motion for physical access to law library computer" is DENIED. (Docket
2  # 74.) To grant the requested relief, the court would have to interfere with the ordinary day-to-day
3  operations of the prison, which generally federal courts are discouraged from doing. *See Turner v.*
4  *Safley*, 482 U.S. 78, 84-85 (1987) (judiciary should exercise restraint on matters of prison
5  administration). Plaintiff's motion reveals that one of the reasons he wants access to a computer is that
6  he wants to do research for a state court action. If he wants a computer to do research for a state court
7  action, he should direct his request to the state court in which his action is pending. Plaintiff also states
8  that it would be "helpful" if he could conduct research in a particular manner in this action, such as by
9  reviewing the "qualified immunity" listing in the West Federal Digest table of contents. *See* Docket #
10 74 at 3. The leading Supreme Court case on the right of access to the courts for prisoners discourages
11 exactly the kind of court intervention plaintiff seeks. Although the prison officials must ensure that
12 prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging
13 their convictions or conditions of confinement," the officials are free to devise their own
14 methods to reach that result. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996). *Lewis* and *Turner*
15 counsel against this court directing prison officials to provide particular volumes or computers
16 to a prisoner-litigant.

17 Plaintiff's "motion for court order to locate and issue plaintiff's personal property" is DENIED.
18 (Docket # 75 and # 76.) In his motion, plaintiff indicates that he became separated from his property
19 during his recent transfer from the California Men's Colony to Pelican Bay State Prison. He does not
20 allege that any defendant in this action had anything to do with the loss of his property. Based on filings
21 in other actions, it appears that prisoners getting separated from their paperwork is not an uncommon
22 problem during inter-prison transfers, and the problem often resolves itself within a matter of weeks.
23 Accordingly, the court will not issue the requested order because to do so would be to interfere with the
24 ordinary day-to-day operations of the prison, which generally federal courts are discouraged from doing.
25 *See Turner*, 482 U.S. at 84-85. Plaintiff's alternative request (in docket # 76) for an immediate stay also
26 will not be granted. If plaintiff believes he has a legal claim based on the separation of him from his
27 property, he may file a new action in the proper venue.
28 In order to avoid having the separation of plaintiff and his legal materials cause this rather old

action to stall indefinitely, the court will have defense counsel mail plaintiff a replacement copy of defendants' pending motion and will extend the deadline for plaintiff's opposition to the motion. Accordingly,

1. No later than **September 21, 2011**, defense counsel will mail to plaintiff a replacement copy of defendants' motion to dismiss and all supporting documents filed with that motion.

2. No later than **October 21, 2011**, plaintiff must file and serve on defense counsel his opposition to the motion to dismiss.

3. No later than **November 7, 2011**, defendants must file and serve on plaintiff their reply brief.

IT IS SO ORDERED.

Dated: September 15, 2011

_____
SUSAN ILLSTON
United States District Judge