UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Plaintiff,

    v.

M. S. EVANS, warden,

    Defendant.
                                  /

No. C 08-1146 SI (pr)

**ORDER DENYING MOTION TO COMPEL AND PROVIDING *RAND* SUMMARY JUDGMENT NOTICE**

A.    <u>Motion To Compel</u>

    Plaintiff, Michael Hicks, has moved to compel responses to several discovery requests he propounded on defendants. For the reasons discussed below, the motion is DENIED. (Docket # 100.) The denial is without prejudice to Hicks filing a new motion, but not until after he makes a good faith effort to meet and confer with defense counsel to resolve the discovery dispute(s).

    In April and May 2012, Hicks sent to defense counsel several discovery requests. Defendants sent to Hicks responses to the discovery requests. Hicks sent a meet-and-confer letter dated May 3, 2012 to defense counsel, Julianne Mossler, in which he complained about discovery responses only from defendants Melvin and Evans. The letter made no request for further discovery from defendant Melvin and suggested that defendant Evans could find the information to aid in responding to the requests for admissions ("RFAs") by looking at several documents Hicks identified. Defense counsel Mossler sent to Hicks a letter dated May 14, 2012, in which she responded to his meet and confer letter. Mossler wrote that defendant Melvin needed more "specificity" to formulate a response to one interrogatory, and that "it would be improper" for Evans to respond to RFAs about DMH policies and procedures because he was

a CDCR employee not responsible for programs for the DMH mental health program inmate-participants. See Mossler Decl., Ex. F.[1] Hicks mailed his motion to compel on May 21, 2012 and it was stamped "filed" on May 29, 2012. He did not mention any meet-and-confer efforts in his motion to compel, but in his reply he stated that he never received Mossler's May 14, 2012 letter.

The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

The motion to compel is DENIED because the meet-and-confer process was not accomplished before the motion was filed. Regardless of whether Hicks received attorney

---

[1] The court is satisfied that the May 14, 2012 letter was sent to Hicks, despite his assertions to the contrary. The letter's date roughly corresponds with the prison log that shows Hicks received mail from the Attorney General's office on May 23 and May 24. Docket # 108, p. 5. Although Hicks claims the items received on those dates were discovery responses dated May 21 and 22, there are no discovery documents in the record that have those dates on them.

Mossler's letter, she did send it and she did make an effort to meet-and-confer. The court wants that informal process of resolving the discovery disputes to occur before it will entertain a motion to compel. The court will not compel responses when, as here, the parties appear capable of resolving the discovery dispute among themselves. The parties must pursue the meet-and-confer process before the court will entertain any motion to compel. The court further notes that Hicks has moved to compel several discovery responses in addition to those mentioned in his limited meet and confer letter. That is unacceptable. He must meet and confer about every discovery response he wants to compel before moving to compel the response.

B. *Rand* Notice About Summary Judgment

A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012). Accordingly, the Court now provides the following notice to plaintiff for his information in connection with the defendants' pending motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

The court informed plaintiff of the *Rand* requirements in the Order of Service, and reminded him twice more about the *Rand* advisement. *See* March 23, 2011 Order of Service,

p. 6; June 29, 2011 Order, p. 6; February 7, 2012 Order, p. 14.

Defendants' motion for summary judgment was filed on May 4, 2012; plaintiff's opposition was filed on June 4, 2012; and defendants' reply was filed on June 18, 2012. It does not appear necessary here for defendants to file a new motion for summary judgment to comply with the newly-announced requirement in *Woods v. Carey*. Instead, the court will permit plaintiff to file a replacement opposition to the motion for summary judgment, or to supplement his existing opposition to the motion for summary judgment – whichever he prefers. Although evidence is not subject to a page limit, any accompanying legal brief is: (a) if plaintiff files a replacement opposition, the opposition legal brief may not exceed 25 pages in length, and (b) if plaintiff files a supplement to his existing opposition, the supplemental legal brief may not exceed 10 pages in length. The court sets the following deadlines for defendants' pending motion for summary judgment:

1. Plaintiff must file and serve on defense counsel his replacement or supplemental opposition to the motion for summary judgment no later than **August 17, 2012**. No extensions of this deadline should be expected in this four-year old case.

2. Defendants must file and serve any supplemental reply brief (if any) no later than **September 7, 2012**.

Although it is not essential for consideration of the motion for summary judgment, the court's analysis of the motion would be aided by someone putting in the record for this case a copy of defendants' demurrer in the Sacramento County Superior Court case that gave rise to the access-to-courts claim in this case.

IT IS SO ORDERED.

Dated: July 10, 2012

                                                SUSAN ILLSTON
                                                United States District Judge